# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: August 11, 2026

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| VANESSA K. DRAKE and LANCE DRAKE, as parents and legal representatives of a minor child, T.B.D., | * | |
| Petitioners, | * | No. 17-1836V |
| v. | * | Special Master Nora Beth Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Damages Award; Diphtheria-Tetanus-Acellular Pertussis ("DTaP") Vaccine; Cardiac Arrest; Encephalopathy. |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

Armond Marcarian, Marcarian Law Firm, P.C., Woodland Hills, CA, for Petitioners.
Kimberly S. Davey, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES BASED ON PROFFER[1]

On November 27, 2017, Vanessa K. Drake and Lance Drake, as parents and legal representatives of minor child T.B.D., ("Petitioners") filed a petition under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioners allege T.B.D. suffered "injuries including ventricular tachycardia, ventricular fibrillation, hypoxic ischemic brain damage, and cardiomyopathy" caused-in-fact by

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Ruling to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

the diphtheria-tetanus-acellular pertussis ("DTaP"), inactivated poliovirus ("IPV"), *Haemophilus influenzae* type B ("Hib"), Rotavirus, pneumococcal conjugate ("Prevnar 13"), and hepatitis B ("Hep B") vaccinations administered to T.B.D. on December 15, 2015. Petition at Preamble (ECF No. 1). On January 5, 2021, Petitioners filed an amended petition adding acute hypersensitivity myocarditis and a Table injury of acute encephalopathy to the claimed injuries. Amended ("Am.") Petition at Preamble (ECF No. 38).

On September 2, 2025, the undersigned issued a ruling finding Petitioners entitled to compensation. Ruling on Entitlement dated Sept. 2, 2025 (ECF No. 98).

On August 11, 2026, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. In the Proffer, Respondent represented that Petitioners agrees with the proffered award. Proffer at 2. Based on the record as a whole, the undersigned finds that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioners:

**(1) A lump sum payment of $160,000.00, for pain and suffering, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement to Petitioners as guardians/conservators of the estate of T.B.D., for the benefit of T.B.D.**[3]

**(2) A lump payment of $13,256.46, for past unreimbursable expenses, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement to Petitioners.**

Proffer at 2-3. This amount represents all elements of compensation to which Petitioners are entitled under § 15(a). Id. at 2.

[3] Petitioners represent that Petitioners presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of T.B.D.'s estate under the laws of the State of California. Respondent will not make any payment until Petitioners provide respondent with documentation establishing that they have been appointed as the guardian/conservator of T.B.D.'s estate. If Petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of T.B.D., any such payment shall be disbursed to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of T.B.D. upon submission of written documentation of such appointment to the Secretary. Further, if guardianship is no longer required under the laws of the state of California after T.B.D. has attained the age of majority, any such payment shall be paid to T.B.D. upon submission of written documentation of the termination of guardianship to the Secretary.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| **VANESSA K. DRAKE, and LANCE DRAKE, parents and legal guardians of a minor Child, T.B.D.,** | ) | |
| **Petitioners,** | ) | |
| **v.** | ) | **No. 17-1836V**<br>**Special Master Dorsey**<br>**ECF** |
| **SECRETARY OF HEALTH AND HUMAN SERVICES,** | ) | |
| **Respondent.** | ) | |

**PROFFER ON AWARD OF COMPENSATION[1]**

On November 27, 2017, Vanessa K. Drake and Lance Drake ("petitioners"), as parents and legal guardians of their minor child, T.B.D., filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"). Petitioners alleged that T.B.D. sustained injuries including ventricular tachycardia, ventricular fibrillation, hypoxic ischemic brain damage, and cardiomyopathy caused by the DTaP, IPV, HIB combination (Pentacel), Rotavirus (Rotarix), PCV 13 (Prevnar) and Hepatitis B (Engerix-B) vaccines administered to T.B.D. on December 15, 2015.[2] Petition at 1. On May 2, 2018, respondent filed his Vaccine Rule 4(c) report, defending the claim. ECF No. 11. On September 2, 2025, after briefing on entitlement, Special Master Dorsey issued a ruling on entitlement, finding petitioners entitled to compensation. ECF No. 98.

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] On January 5, 2021, petitioners filed an amended petition, adding "encephalopathy" and "acute hypersensitivity myocarditis" to the list of T.B.D.'s alleged injuries. ECF No. 38.

## I. Items of Compensation

Based on the evidence of record, respondent proffers that petitioners should be awarded the following:

A. Pain and Suffering

Respondent proffers that petitioners, for the benefit of T.B.D., should be awarded a lump sum of **$160,000.00** for pain and suffering. *See* 42 U.S.C. §300aa-15(a)(4). Petitioners agree.

B. Past Unreimbursable Expenses

Evidence supplied by petitioners documents that they incurred past unreimbursable expenses on behalf of T.B.D., related to T.B.D.'s vaccine injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of **$13,256.46**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioners agree.

These amounts represent all elements of compensation to which petitioners, on T.B.D.'s behalf, are entitled under 42 U.S.C. § 300aa-15(a). Petitioners agree.

## II. Form of the Award/Recommended Payments

The parties recommend that the compensation provided to petitioners on behalf of T.B.D. should be made through two lump sum payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

A. A lump sum payment of **$160,000.00** paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to petitioners as

[3] Should T.B.D. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

guardians/conservators of the estate of T.B.D., for the benefit of T.B.D.[4]

B. A lump sum payment of **$13,256.46**, to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to petitioners.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

*s/ Kimberly S. Davey*
KIMBERLY S. DAVEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 307-1815
Email: Kimberly.Davey@usdoj.gov

DATE: August 11, 2026

[4] Petitioners represent that petitioners presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of T.B.D.'s estate under the laws of the State of California. Respondent will not make any payment until petitioners provide respondent with documentation establishing that they have been appointed as the guardian/conservator of T.B.D.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of T.B.D., any such payment shall be disbursed to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of T.B.D. upon submission of written documentation of such appointment to the Secretary. Further, if guardianship is no longer required under the laws of the state of California after T.B.D. has attained the age of majority, any such payment shall be paid to T.B.D. upon submission of written documentation of the termination of guardianship to the Secretary.

**CERTIFICATE OF SERVICE**

I certify that today, August 11, 2026, a copy of the foregoing pleading was served by electronic mail to Armond Marcarian at armond@marcarianlaw.us.

*/s/ Kimberly S. Davey*
KIMBERLY S. DAVEY